[Cite as *Credit Serv. Internatl. v. Armstrong*, 2026-Ohio-204.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CREDIT SERVICE INTERNATIONAL | : | |
| | : | C.A. No. 30616 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CV 02177 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| DERRICK ARMSTRONG | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 23, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

DERRICK ARMSTRONG, Appellant, Pro Se
BRAD A. COUNCIL and JON V. CONNOR, Attorneys for Appellee

TUCKER, J.

{¶ 1} Derrick Armstrong appeals pro se from the trial court's entry of summary judgment against him on the breach-of-contract complaint of plaintiff-appellee Credit Service International ("CSI").

{¶ 2} Armstrong contends the trial court's ruling was too vague and did not identify its rationale for entering summary judgment. He also claims the trial court deprived him of the opportunity to be heard or to conduct discovery regarding CSI's failure to mitigate damages. Finally, Armstrong asserts that the trial court's damages award exceeded the amount authorized by a Dayton city ordinance.

{¶ 3} We conclude that the trial court had no obligation to provide analysis or to explain its summary judgment ruling. Armstrong also had an opportunity to be heard by filing a memorandum opposing summary judgment, and the trial court did not preclude him from conducting discovery. As for damages, the city ordinance he cites had no applicability. Accordingly, we affirm the trial court's judgment.

## I. Background

{¶ 4} In February 2018, Armstrong rented an apartment in Moraine from an entity known as Premier Real Estate Management, LLC ("Premier"). A co-tenant, Jacqueline Horton, signed a written lease with Armstrong. The lease term ran through January 2019.

{¶ 5} In April 2025, CSI filed a breach-of-contract complaint against Armstong. The complaint alleged that he had breached the lease by failing to pay rent and other charges in

the amount of $3,495. The complaint further alleged that CSI had acquired the right to pursue the debt via assignment from Premier. Accompanying the complaint were a copy of the lease and a copy of Armstrong's account with Premier showing an outstanding balance of $3,495.

{¶ 6} In his answer, Armstrong admitted that he had leased the apartment and that a true and accurate copy of the lease agreement accompanied CSI's complaint. He denied owing $3,495. He asserted that Premier previously had pursued a claim for money damages in an eviction case in Kettering Municipal Court before dismissing the claim without prejudice. Among other things, Armstrong's answer asserted that CIS's claim for damages was barred by the statute of limitations.

{¶ 7} On May 21, 2025, CIS served Armstrong by ordinary mail with a written request for admissions. Thereafter, in July 2025, Armstrong moved for summary judgment. He argued that CIS's claim for money damages was barred by a six-year statute of limitations. That same month, CSI also moved for summary judgment. It argued that it was entitled to judgment in the amount of $3,495 as a matter of law. In support, CSI asserted that Armstrong had not responded to its request for admissions. Therefore, it asked the trial to deem admitted and conclusively established Armstrong's obligation to pay $3,495. CSI also provided an affidavit from one of its agents responsible for overseeing Armstrong's account that had been acquired by assignment. The agent averred that all credits, payments, and offsets had been applied and that Armstrong owed a balance of $3,495. Accompanying the affidavit were a copy of the written lease and an itemized copy of Armstrong's account showing charges, payments, and the outstanding balance.

{¶ 8} Armstrong filed a memorandum opposing CSI's summary judgment motion. Along with the memorandum, he filed his own affidavit swearing that he never received the

3

request for admissions. He also asserted that summary judgment was improper because further discovery might establish that he owed less than $3,495. He additionally argued that CSI's motion failed to establish that it had mitigated its damages. Finally, he argued that summary judgment was improper because Jacqueline Horton, his co-tenant, had not been named as a defendant and potentially could be jointly and severally liable.

{¶ 9} On August 4, 2025, the trial court overruled Armstrong's motion for summary judgment predicated on the statute of limitations. Thereafter, on September 15, 2025, the trial court filed an entry sustaining CSI's summary judgment motion and finding CSI entitled to $3,495 plus interest and costs. This appeal by Armstrong followed.

## II. Analysis

{¶ 10} The first assignment of error states:

**THE TRIAL COURT'S DECISION, ENTRY AND ORDER IS AN ABUSE OF DISCRETION AND DOES NOT COMPLY WITH THE OHIO RULES OF CIVIL PROCEDURE 56.**

{¶ 11} Armstrong contends the trial court's summary judgment ruling was so vague that it violated due process. He claims the trial court erred by failing to indicate whether its ruling was based on evidence within or outside of the record. He notes too that the trial court did not state whether any genuine issues of material fact existed or whether it had viewed the evidence most strongly in his favor. Finally, he asserts that the trial court erred by failing to provide any explanation for its decision.

{¶ 12} Upon review, we find Armstrong's assignment of error to be unpersuasive. The one-page entry granting CSI summary judgment stated that the trial court had reviewed "the record." Based on its review, the trial court found CSI entitled to judgment for $3,495 plus interest and costs. The trial court's entry did not mention the standards governing summary

4

judgment, specify the evidence upon which it relied, or provide any supporting analysis. Nevertheless, the trial court made clear that it was ruling CIS's motion for summary judgment. Its reference to "the record" also suggested that it had considered evidence in the record. Moreover, the trial court had no obligation to recite the standards governing summary judgment or to include findings of fact or conclusions of law. *See* Civ.R. 52.

{¶ 13} Although an explanation for the trial court's ruling may have been helpful, "the lack of any analysis is necessarily harmless since an appellate court's review of a summary judgment is de novo. Since the reviewing court must independently determine, as a matter of law, whether summary judgment was properly rendered based upon the record made up in the trial court, it is legally immaterial whether the trial court has provided a sound analysis, or any analysis." *Phillips v. Dayton Power & Light Co.*, 93 Ohio App.3d 111, 115 (2d Dist.). Armstrong's first assignment of error is overruled.

{¶ 14} The second assignment of error states:

**THE TRIAL COURT ERRED IN AWARDING PLAINTIFF $3,495.00 IN DAMAGES, PLUS 8% INTEREST WITHOUT FIRST GIVING DEFENDANT THE OPPORTUNITY TO BE HEARD.**

{¶ 15} Armstrong claims the trial court erred by entering summary judgment without giving him an opportunity to be heard. Specifically, he contends the trial court improperly deprived him of an opportunity to conduct discovery in aid of his defense. He cites his landlord's failure to mitigate damages as a potential issue that he should have been permitted to investigate. He also suggests that summary judgment was improper because reasonable jurors could disagree about whether his landlord made reasonable efforts to find a new tenant.

{¶ 16} Once again, we find Armstrong's assignment of error to be unpersuasive. Nothing in the record suggests that the trial court prevented him from submitting interrogatories or requests for admission, conducting depositions, or engaging in other forms of discovery. If Armstrong needed judicial assistance, he could have moved to compel discovery. If he needed additional time, he could have pursued relief under Civ.R. 56(F). We see no support for his claim that the trial court deprived him of an opportunity to be heard.

{¶ 17} Regarding Armstrong's argument about mitigation of damages, we note too that a landlord's failure to mitigate damages caused by a breaching tenant is an affirmative defense. *Chilli Assocs. Ltd. Partnership v. Denti Restaurants, Inc.*, 2023-Ohio-1978, ¶ 57 (4th Dist.). When moving for summary judgment, CSI had no obligation to negate possible affirmative defenses, including failure to mitigate damages. *Id.*, citing *Todd Dev. Co., Inc. v. Morgan*, 2008-Ohio-87, ¶ 14; *see also Tincher v. Interstate Precision Tool Corp.*, 2002 WL 1396097, *2 (2d Dist. June 28, 2002) ("Because failure to use reasonable care to mitigate damages is an affirmative defense, the burden of proof is on the tenant."). In opposition to summary judgment, Armstrong cited no evidence showing a genuine issue of material fact on the affirmative defense of failure to mitigate damages. Therefore, his argument about mitigation of damages did not preclude the trial court from entering summary judgment. The second assignment of error is overruled.

{¶ 18} The third assignment of error states:

**THE TRIAL COURT'S DECISION, ENTRY AND ORDER VIOLATES SECTION 93.70 OF THE OHIO REVISED CODE OF GENERAL ORDINANCES.**

{¶ 19} Armstrong contends the trial court's damages award violated a Dayton city ordinance limiting the fees a landlord may charge for late rent payments.

6

{¶ 20} The ordinance at issue, R.C.G.O. 93.70, was amended effective June 3, 2020, to limit a landlord's assessment of late fees. Armstrong's lease was executed in 2018 and terminated in 2019, prior to the ordinance's amendment. Moreover, the lease specified that the subject apartment was in Moraine, not Dayton. Therefore, the Dayton ordinance had no applicability. The third assignment of error is overruled.

### III. Conclusion

{¶ 21} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.